## No. 673
### FISHER v. EUCLID (Village)
Ohio Appeals, Eighth District, Cuyahoga County
No. 4320. May 7, 1923

This opinion has not been published except in Abstract.

**44. ATTORNEYS.**

Fees of in suit by taxpayer against village.
Vickery, Sullivan and Levine, JJ.

PER CURIAM.

### Epitomized Opinion

Fisher, a citizen and taxpayer of the village, brought an action to prevent the wrongful use of $95,000 for which the bonds of the village hda not been voted. This court granted the injunction and in the judgment allowed plaintiff's attorneys, they having made application to the Solicitor of the village to bring the suit and he having refused, the sum of $1,000. The journal entry was O. K.'d by Christopher, the Solicitor of the village. Subsequently the village issued other bonds and bought the land in question. Christopher now makes a motion for retaxing the costs, alleging that $1,000 was too high for the services performed. Held: Plaintiff was entitled to the relief he sought d the action was entirely regular. He saved the illegal expenditure of $95,000 and the village will not now be heard to sav taht the land was bought out of other funds so that plaintiff did not accomplish any good. Plaintiff's attorneys were fairly entitled to $1,000. Motion denied.

## No. 674
### PRICE v. CRITCHFIELD
Ohio Appeals, 9th District, Wayne County.
No. 752. Decided May 25th, 1923.

This opinion has not been published except in Abstract.

**45. ATTORNEYS.**

Liability of client for legal services.
Funk, Pardee and Washburn, JJ.

PER CURIAM:

### Epitomized Opinion.

This was an action brought by Critchfield to recover for legal services and xpenses in connection with a suit brought by Price against the Pennsylvania Railroad. The evidence disclosed that most of the services were rendered as an investigator er than as an attorney. The court rendered a judgment for the plaintiff. The defendent prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Regardless of whether the services were rendered as an attorney or merely as an investigator the plaintiff was entitled to a judgment for the services so rendered and that substantial justice was done in the rendition of such judgment.

ATTORNEYS—Daniel C. Funk, for Price;
Weygandt & Ross, for Critchfield.

## No. 675
### CINCINNATI TRACTION CO. v. GRAMONT
Ohio Appeals, 1st District, Hamilton County
No. 2154. Decided May 21, 1923

This opinion has not been published except in Abstract.

**82. CHARGE TO JURY.**

Court must not, in charge to jury, set forth one party's theory of the case and ignore other party's—Party not prejudiced by court's refusal to allow witness to testify.

BUCHWALTER, J.

### Epitomized Opinion

Gramont was driving a wagon out of Pennock alley, Cincinnati, into Baymiller street, when a street car of Traction Co. collided with the wagon. Garmont was injured. The jury returned a verdict for Gramont. Refusal of the court to permit an expert witness for the Traction Co. to testify as to the character of the work in treating the fracture on the ground that he was not present when the treatment was given, was assigned as error. It was also contended that the trial court erred in referring to Gramont's theory of the case more often than to the Traction Co.'s theory. In affirming the judgment, the Court of Appeals held:

1. It is prejudicial error for the trial court in his charge to the jury to set forth the theory of one party and omit entirely to state the theory of the other party. 15 O. App. Rep. 42. But this was not done in this case.

2. Since the expert witness admitted that he was not in a position to pass judgment on the services rendered at the time cf the injury, the Traction Co. was not prejudiced by the refusal of the court to let him testify further in that respect.

Attorneys—J. H. McCaslin, for Cincinnati Traction Co.; J. S. Herman and T. L. Michie, for Gramont.

## No. 676
### HARRIGAN v. WALKER et al
Superior Court of Cincinnati
No. 58778. Decided.

**107. CONTRACTS.**

Separable provisions of contract—Contract without consideration.

This opinion has not been published except in Abstract.

MARX, J.

### Epitomized Opinion

This is an action for breach of contract. The contract provided for an immediate sale to Harrigan by the defendants of 400 gallons of "Why-Sol Battery Solution" at $1.90 per gallon within 60 days, and also provided for a future sale and delivery to Harrigan by defendants of whatever amount of Battery Solution that he might need. The contract did not bind the plaintiff, Harrigan, to do anything except to take the initial order. As the defendants defaulted in performance several months after the contract was made, this action was brought by Harrigan for $30,000 damages as the result of this nonperformance. A demurrer was filed by the defendants. In sustaining the demurrer, the Superior Court of Cincinnati held:

1. A contract for the present sale of a definite quantity of a patented product is separable from a contract for the future sale and distribution of such product over a period of thirty years.

2. A contract for the sale and distribution of a patented product for the next thirty years under the terms of which the seller agrees to deliver to the buyer any quantity of such product which he may order at a fixed price, but which does not obligate the buyer to order any of such product or to do anything upon his part, after purchasing an initial quantity, lacks mutuality and cannot be enforced for want of consideration.